HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CASSIE HALL,

        Plaintiff,

v.

ELMA SCHOOL DISTRICT,

        Defendant.

CASE NO. C13-5899 RBL

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on Defendants Elma School District and Kevin Acuff's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's claims for punitive damages. [Dkt. #9]. Plaintiff Hall, an African-American and former Elma School District student, asserts claims under Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d, and 42 U.S.C. § 1983. She alleges that her peers and teachers subjected her to repeated discrimination, and Defendants violated her civil rights by failing to remedy the situations. She specifically alleges that her teachers unfairly disciplined her, that she received race-based death threats, and that her peers called her racial slurs and used racial stereotypes in front of teachers on multiple occasions. In addition to compensatory damages, Hall seeks punitive damages under both Title VI and §1983.

Defendants have moved to dismiss Hall's punitive damages claims under Fed. R. Civ. P. 12(b)(6).

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*).

Defendants have moved to dismiss all of Hall's claims for punitive damages. They argue that punitive damages cannot be awarded under Title VI and that Hall has failed to plead facts sufficient to warrant a punitive damages award under § 1983. Hall does not dispute that Title VI cannot support an award of punitive damages. [Dkt. #10]. *See Barnes v. Gorman*, 56 U.S. 181, 189 (2002) ("[P]unitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act."). Defendants' motion to dismiss Hall's claim for punitive damages under Title VI is granted.[1]

---

[1] This Court also has authority strike Plaintiff's Title VI punitive damage claims under Fed. R. Civ. P. 12(f).

Defendants have also moved to dismiss Hall's claim for punitive damages under § 1983. Punitive damages may be awarded in a § 1983 action against an individual if "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983). Hall has sufficiently pled facts to support a claim that Acuff's conduct involved reckless or callous indifference to her federally protected rights. Hall has described specific facts about how staff and other students subjected her to racial discrimination. She alleges that Acuff knew about the discrimination and failed to remedy the situations and even explicitly approved of some of the students' discriminatory behavior. Based solely on Hall's allegations, it is plausible that Acuff acted with reckless or callous indifference to her constitutional rights. While Hall has sufficiently pled facts to survive Defendants' motion to dismiss, she will have to produce evidence that supports her allegations to survive summary judgment and will ultimately have to convince a jury that punitive damages are warranted. Defendants' motion to dismiss Hall's claim for punitive damages under § 1983 is denied.

Dated this 27th day of January, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE